# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ALABAMA
## NORTHWESTERN DIVISION

| | | |
|---|---|---|
| TIMOTHY WEAKLEY, | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| vs. | ) | Case No.  3:16-cv-00205-HGD |
| | ) | |
| EAGLE LOGISTICS, et al., | ) | |
| | ) | |
| Defendants | ) | |

## **O R D E R**

The above-entitled civil action is before the court on the Renewed Motion for Summary Judgment filed by plaintiff (Doc. 31), the Amended Motion to Dismiss filed by defendants, Eagle Logistics Services, Inc. (Eagle),[1] and Celadon Trucking Services, Inc. (Celadon),[2] (Doc. 38), and plaintiff's Motions to Compel Initial Disclosures (Docs. 42 & 43).   The parties have consented to the exercise of jurisdiction by the undersigned magistrate judge pursuant to 28 U.S.C. § 636(c). (Doc. 11 at 4).

---

[1] Plaintiff identified this defendant as Eagle Logistics in his complaint.

[2] Plaintiff identified this defendant as Celadon Trucking in his complaint.

The case proceeds on the amended complaint filed by plaintiff. (Doc. 30). Plaintiff asserts a cause of action for breach of contract.[3] He alleges that he entered into a written employment contract with Eagle to haul refrigerated freight exclusively for Eagle. Plaintiff went through defendants' hiring process and was given an employee number and badge. He then began hauling freight for Eagle as an independent contractor.

Plaintiff alleges that after he began working for Eagle, Eagle received a telephone call from Jennifer Roberts of Quality Companies, a leasing company with which Eagle often did business. Roberts urged Eagle to terminate plaintiff's employment contract due to grievances Roberts and Quality Companies had with plaintiff, and Eagle subsequently terminated plaintiff's contract. According to plaintiff, Eagle's action violated Paragraph 11.01 of the contract, which provides:

> **Commencement and Termination.** This Agreement is effective on the date and at the time when it is countersigned by Carrier's representative at Indianapolis, Indiana, and will continue in effect until terminated by either party, with or without cause, upon thirty (30) days prior written notice to the other party. . . .

---

[3] Plaintiff originally asserted causes of action for breach of fiduciary duty and gross negligence, as well as breach of contract. However, he expressly deleted the breach of fiduciary duty and gross negligence claims in his amended complaint. (*See* Doc. 30 at 1).

(Doc. 24-1 at 19). Plaintiff asserts that the requisite written notice was not provided to him. He also asserts that Eagle breached Paragraph 12.09 of the contract, which provides, "All notices required or permitted to be given in writing under this Agreement will be considered as having been given by one party to the other upon the mailing of same to the last known address of the recipient." (*Id.* at 20).

Plaintiff alleges that he leased for purchase from Quality Companies a semi-tractor and trailer, entering into a 60-month lease. The contract between plaintiff and Eagle commenced on December 11, 2015, but less than 72 hours later, plaintiff claims the tractor trailer was repossessed illegally from his home in Florence, Alabama. Further, he alleges that Rob Campbell, an agent of Eagle, notified plaintiff in person at Eagle's facility in Indianapolis that his contract was terminated.

In their motion to dismiss, defendants contend that plaintiff was unable to perform his contract with Eagle because he did not have a tractor trailer. Thus, defendants assert, the contract allowed immediate verbal termination based on plaintiff's alleged breach of the contract. In response to the motion to dismiss (Docs. 40 & 41), plaintiff makes new allegations which were not contained in his original complaint, which indicate that Eagle was aware that the tractor leased from Quality Companies failed to pass inspection and needed repairs and that plaintiff was able to lease another tractor from Quality Companies and actually hauled one load for Eagle

before he was terminated. The law is clear that a party may not insert new claims and allegations by way of a brief in opposition to a motion to dismiss. *See Huls v. Liabona*, 437 Fed.Appx. 830, 832 n.4 (11th Cir. 2011) (*per curiam*) (argument not properly raised where plaintiff asserted it for the first time in response to defendant's motion to dismiss, instead of seeking leave to file an amended complaint); *Jiles v. PNC Bank Nat'l Ass'n*, 2012 WL 3241927, at *5 (M.D.Ga. Aug.7, 2012) (court not required to consider new allegation raised for the first time in response to defendant's motion to dismiss and not raised in complaint or amended complaint); *cf. Gilmour v. Gates, McDonald & Co.*, 382 F.3d 1312, 1315 (11th Cir. 2004) ("plaintiff may not amend her complaint through argument in a brief opposing summary judgment."). Nevertheless, defendants do not rely on that law but instead make new allegations of their own in their brief in an attempt to refute plaintiff's new allegations. The court cannot ignore plaintiff's new factual allegations because, if proven, plaintiff may succeed on his claim.[4] Further, the new allegations by plaintiff and defendant are better addressed in the context of a motion for summary judgment rather than on a motion to dismiss.

---

[4] The court is mindful that complaints by *pro se* litigants are held to a less stringent standard than pleadings drafted by attorneys and are liberally construed. *Boxer X v. Harris*, 437 F.3d 1107, 1110 (11th Cir. 2006).

The court notes that plaintiff has made no specific allegations against Celadon, which is the parent company of Eagle and not a signatory to the contract between plaintiff and Eagle. Therefore, plaintiff has not stated a claim against Celadon in his amended complaint.

Plaintiff will be given one final opportunity to file an amended complaint which contains <u>all</u> of his allegations surrounding the contract with Eagle, both before and after the contract was signed, which could support his claim for breach of contract. The information contained in Docs. 40 and 41 should be included in the new amended complaint, and the amended complaint shall not refer back to the original complaint or the amended complaint. Plaintiff shall file his final amended complaint within thirty (30) days from the date of entry of this order.

Based on the foregoing, it is ORDERED that plaintiff's Renewed Motion for Summary Judgment (Doc. 31) is DENIED WITHOUT PREJUDICE, and defendants' Amended Motion to Dismiss is DENIED WITHOUT PREJUDICE. Because the parties will be conducting discovery based on the new amended complaint to be filed by plaintiff, plaintiff's Motions to Compel Initial Disclosures (Docs. 42 & 43) are MOOT. The order of July 8, 2016, suspending the parties' discovery obligations (Doc. 48) is VACATED.

DONE this 2nd day of March, 2017.

HARWELL G. DAVIS, III
UNITED STATES MAGISTRATE JUDGE